**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4879**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TARON LEON SHULER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:15-cr-00033-WO-1)

Submitted:  March 4, 2021                                        Decided:  March 18, 2021

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leza L. Driscoll, LAW OFFICE OF LEZA DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Tanner Lawrence Kroeger, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taron Leon Shuler appeals the sentence imposed by the district court after revocation of his supervised release. He argues that his sentence is procedurally and substantively infirm because he did not willfully fail to pay restitution. For the reasons that follow, we affirm Shuler's sentence.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we "determine whether the sentence is plainly unreasonable." *Id.* at 437.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing relevant factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 20-6513, 2021 WL 161125 (U.S. Jan. 19, 2021). "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

With these standards in mind, our review leads us to conclude that the district court did not err in concluding that Shuler's failure to make restitution payments was willful. Moreover, Shuler's sentence is procedurally and substantively reasonable and, therefore, not plainly unreasonable. Accordingly, we affirm the judgment revoking supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*