**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4505**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA LAMAR CARVER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00415-WO-1)

Submitted:  March 26, 2021                                      Decided:  April 6, 2021

Before KEENAN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Lamar Carver appeals from the district court's judgment imposing a 22-month sentence following the revocation of Carver's supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "To consider whether a revocation sentence is plainly unreasonable, this Court must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, No. 20-6513, 2021 WL 161125 (U.S. Jan. 19, 2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors), and meaningfully responds to the party's nonfrivolous arguments for a different sentence, *Patterson*, 957 F.3d at 437-40. "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Carver was accused of five violations: (1) driving while impaired and related offenses (Violation 1); (2) conspiring to commit robbery with a dangerous weapon and aiding and abetting (Violation 2); (3) associating with convicted felons and/or persons engaged in criminal activity (Violation 3); (4) multiple positive tests for cocaine and marijuana (Violation 4); and (5) failure to the report to the probation office as directed (Violation 5). At the revocation hearing, Carver admitted to Violations 1, 4, and 5 but denied Violations 2 and 3.[1] After hearing evidence, the district court found that Carver had committed Violation 3 but declined to find that Carver had committed Violation 2. The court then revoked Carver's supervised release, found that the advisory policy statement range was 4 to 10 months' imprisonment, and imposed an upward variant sentence of 22 months' imprisonment.

Carver argues that his sentence is procedurally and substantively unreasonable because, in justifying the extent of the upward variance, the district court relied on evidence pertaining to the conspiracy to commit robbery violation that it had rejected as unreliable. We disagree. Although the district court declined to find that Carver's connection to the criminal conduct rose to the level of a conspiracy, the court did not deem unreliable all evidence related to the incident. In fact, the district court explained at length that its decision to impose a substantial variance in this case was based on the fact that—whether or not Carver knew about the robbery—his decision to invite gang members into his home,

---

[1] Regarding Violation 5, Carver only admitted three of the four alleged incidents of failure to report.

combined with his continued drug use, failure to report, and other criminal conduct, showed that he was a danger to his community. The court acknowledged Carver's argument that he had taken some positive steps while on supervision but ultimately found that a 22-month sentence was appropriate, particularly in light of the fact that Carver's prior sentences had failed to deter him from continued violations. We conclude that this detailed explanation was neither procedurally nor substantively unreasonable, much less plainly so.

Accordingly, we affirm the revocation judgment.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We note that the judgment erroneously indicates that the district court found that Carver committed all five of the alleged violations when, at the revocation hearing, the court declined to find that Carver had committed Violation 2. Carver has not asserted the error, and the error does not affect our disposition of the issues asserted on appeal. The district court may correct a clerical error in a criminal judgment at any time under Fed. R. Crim. P. 36.