**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4395**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES POORE, a/k/a Danny,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:14-cr-00010-JPJ-PMS-24)

Submitted:  April 22, 2022                           Decided:  May 16, 2022

Before MOTZ and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEFS:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Kari K. Munro, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Poore appeals the 12-month upward variant sentence imposed by the district court upon revocation of his supervised release. On appeal, Poore argues that the court failed to adequately respond to defense counsel's arguments regarding an available inpatient substance abuse treatment program and to sufficiently explain the extent of the upward variance imposed. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020)." Before deciding "whether a revocation sentence is plainly unreasonable, [we] must . . . determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted),

2

*cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (alteration and internal quotation marks omitted). Accordingly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Id.* An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

We conclude that Poore's revocation sentence is procedurally reasonable, as the district court provided a detailed explanation for the upward variance that reflected a clear consideration of defense counsel's arguments. The district court weighed the appropriate factors when it considered Poore's history and characteristics, his repeated breach of the court's trust, and the need for adequate deterrence both to Poore and other violators of supervised release. Specifically, although the court credited Poore's testimony that he was a hard worker and had reduced his methamphetamine use when he received counseling, the court balanced these factors against Poore's repeated and numerous violations of supervised release. The court also noted that Poore had failed to take advantage of prior

rehabilitation opportunities and that it remained skeptical of Poore's true motivations for seeking treatment at this time. The court stressed the need to deter both Poore and others on supervision from continued drug use. As for Poore's arguments regarding the inpatient drug treatment program, our review of the record reveals that the district court adequately considered these arguments and appropriately weighed them against other relevant factors before rejecting them and imposing a term of imprisonment.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*