**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4165**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LAMAR HUFFMAN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19-cr-00028-KDB-DSC-1)

———————

Submitted:  June 29, 2023                                    Decided:  July 24, 2023

———————

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Charles Robinson Brewer, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, Robert Lamar Huffman pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and the district court sentenced him to probation. Huffman now appeals the 48-month sentence imposed by the district court following the revocation of his probation, arguing that the court procedurally erred and violated due process. We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted); *see United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (holding that we review probation revocation sentences and supervised release revocation sentences under same standard, that is, whether they are plainly unreasonable). To determine whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). If we conclude that a revocation sentence is unreasonable, only then will we consider "whether it is plainly so." *Coston*, 964 F.3d at 296.

On appeal, Huffman argues that the district court erred by relying on the Sentencing Guidelines range corresponding to his underlying child pornography offense, rather than the policy statement range relating to his probation violations, and in finding that it could sentence him up to the statutory maximum for his underlying offense. Because Huffman

2

did not advance these claims below, we review them for plain error. *United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022). To demonstrate plain error, Huffman "must show that an error (1) was made, (2) is plain, and (3) affects substantial rights." *Id.* (cleaned up). An "error is plain if it is clear or obvious." *Id.* at 311 (internal quotation marks omitted).

We discern no merit in Huffman's claim that the district court could not sentence him up to the statutory maximum applicable to the child pornography offense. If a defendant violates the conditions of his probation, the district court may "revoke the sentence of probation and resentence the defendant." 18 U.S.C. § 3565(a)(2); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). Upon the revocation of probation, "the sentencing court retains broad discretion to . . . impose a term of imprisonment up to the statutory maximum." *Moulden*, 478 F.3d at 657. Because Huffman faced a statutory maximum of 20 years' imprisonment for his underlying offense under 18 U.S.C. § 2252A(a)(5)(B), (b)(2), his 48-month sentence is clearly permissible.

We also discern no merit in Huffman's claim that the district court relied on his original Guidelines range, as opposed to the policy statement range for his probation violations. At the revocation hearing, the district court correctly calculated the policy statement range as three to nine months' imprisonment, but found that this range was inadequate to satisfy the 18 U.S.C. § 3553(a) factors. Thus, we are satisfied that the district court adequately considered the policy statement range when selecting the sentence. *See Moulden*, 478 F.3d at 656 (noting that district courts are required to only consider policy statement range as "helpful assistance" when deciding appropriate sentence (internal quotation marks omitted)).

3

Finally, the district court did not abuse its discretion in imposing a 48-month sentence. Although the sentence was more than five times longer than the high end of the policy statement range for Huffman's probation violations, the district court was not restricted to considering only Huffman's conduct on probation. *See* 18 U.S.C. § 3565(a)(2) (providing courts with authority to "resentence the defendant"); *Schaefer*, 120 F.3d at 507 (noting that, upon revocation of probation, "a district court . . . begin[s] the sentencing process anew"). The presentence report created for Huffman's original sentencing noted that law enforcement found him in possession of approximately 48,000 images and 1,200 videos of child pornography. The district court stated that, although it had imposed a probationary sentence largely because of Huffman's advanced age and poor health, Huffman had repeatedly violated the conditions of his probation, demonstrating that a more significant sentence was necessary to protect the public and provide adequate deterrence. The district court likewise acted within its discretion when finding that a significant sentence was necessary in part because of Huffman's conduct following the court's previous lenient sentence of probation. *See United States v. Rios*, 55 F.4th 969, 974 (4th Cir. 2022) (noting that, "in considering whether to vary upward, courts may (and often do) consider a defendant's failure to comply with the law despite previous lenient punishments" (internal quotation marks omitted)). Therefore, Huffman's sentence is not unreasonable, much less plainly so.

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*