**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 23-4068

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID LAMAR ANDREWS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, Senior District Judge.  (4:12-cr-00024-RAJ-DEM-1)

───────────

Submitted:  August 29, 2023                    Decided:  August 31, 2023

───────────

Before KING, AGEE, and BENJAMIN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Wilfredo Bonilla, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Dee M. Sterling, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia; Anthony L. Pappas, Second Year Law Student, WILLIAM & MARY LAW SCHOOL, Williamsburg, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lamar Andrews appeals the 28-month sentence imposed following the revocation of his supervised release.  On appeal, he argues that the sentence is plainly procedurally and substantively unreasonable because the district court failed to adequately explain the sentence and imposed a term greater than necessary to achieve the sentencing goals articulated in 18 U.S.C. § 3553(a).  Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release.  [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant

2

should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Contrary to Andrews' arguments on appeal, the record reflects that the district court adequately explained the sentence and stated an appropriate basis for the conclusion that Andrews should receive the sentence it imposed. The court considered Andrews' mental health issues and the policy statement range of 8 to 14 months' imprisonment, but it ultimately found that the maximum available sentence of 28 months' imprisonment was warranted given Andrews' history and characteristics. Specifically, the court explained that, despite a substantial reduction to his original sentence and two prior releases on supervision—both of which were revoked shortly after their commencement—Andrews refused to follow the probation officer's instructions, accept responsibility for his actions, or take advantage of the mental health treatment opportunities presented to him. Therefore, we conclude that Andrews' sentence is not plainly unreasonable.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*