**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4061

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD LAVORA LANE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:97-cr-00017-FL-1)

Submitted:  March 12, 2024                        Decided:  July 10, 2024

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Lavora Lane appeals the 60-month sentence imposed upon revocation of his supervised release. On appeal, Lane argues the district court reversibly erred by failing to recognize its discretion to apply the First Step Act of 2018, Pub L. No. 115-391, 132 Stat. 5194, when determining an appropriate sentence. We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up).

We discern no reversible error in the district court's decision. The district court did not clearly fail to recognize any discretion it may have had to consider the First Step Act during the revocation proceedings.[1] Rather, the district court's explanation for the chosen revocation sentence is better read as showing that, regardless of whether it had such discretion, it would not exercise that discretion to impose a lesser sentence because such a sentence would not satisfy the relevant 18 U.S.C. § 3553(a) factors. The First Step Act

---

[1] We express no opinion as to whether the district court had such discretion.

explicitly contemplates that its application is left within the district court's discretion. *See* § 404(c), 132 Stat. at 5222. Accordingly, we conclude Lane's revocation sentence is not plainly unreasonable.[2]

We therefore affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We further note that, under this court's precedent, Lane is entitled to move for a reduction of the instant revocation sentence under 18 U.S.C. § 3582(c)(1)(B). *See United States v. Venable*, 943 F.3d 187, 194-95 (4th Cir. 2019); (*see also* Appellee's Br. at 7 (stating that "Lane would . . . be eligible to request a First Step Act reduction through a § 3582(c)(1)(B) motion")). Accordingly, despite the district court's decision not to apply the First Step Act during the revocation proceedings, it could choose to do so after the fact upon such a motion.