**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4143**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID R. KITCHEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:15-cr-00047-RBS-LRL-1)

Submitted:  November 19, 2024                    Decided:  November 22, 2024

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Peter L. Goldman, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kristin G. Bird, Assistant United States Attorney, Norfolk, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David R. Kitchen appeals the six-month term of home confinement imposed following the revocation of his supervised release.  On appeal, Kitchen asserts that the district court abused its discretion when it imposed the term of home confinement because he had otherwise adjusted to the terms of his supervised release.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release.  This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).  "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors).  "[A]lthough the court need not be as

2

detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up).  The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up).  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We have reviewed the record in conjunction with the parties' arguments and conclude that the imposed revocation sentence is reasonable and, thus, not plainly unreasonable.  Notably, the record confirms that the district court explained its reasons for the sentence in detail and, moreover, that the court was measured in its reasoning, seeking to balance the escalation in Kitchen's defiance with his nearly 11 months of positive behavior.  We conclude that the district court sufficiently stated a proper basis for its conclusion that Kitchen should receive the sentence imposed.  *See Slappy*, 872 F.3d at 207-08.

Accordingly, we affirm the revocation order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3