**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4505**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE YOUNGBLOOD, a/k/a Michael S. Long, a/k/a Michael Johnson,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00308-RMG-1)

───────────────

Submitted:  December 18, 2025                    Decided:  January 28, 2026

───────────────

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2016, Andre Youngblood pled guilty to failure to register as a sex offender and failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a). The district court sentenced Youngblood to 120 months' imprisonment, followed by a lifetime term of supervised release. In September 2024, the district court revoked Youngblood's supervised release and sentenced him to 24 months' imprisonment, an upward variance from his advisory policy statement range. On appeal, Youngblood argues that the district court plainly erred by relying on improper factors under 18 U.S.C. § 3553(a)(2)(A) when imposing his revocation sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Accordingly, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* "To determine whether a revocation sentence is plainly unreasonable, we first assess whether it is procedurally or substantively unreasonable, under a deferential appellate posture." *United States v. Walton*, 145 F.4th 476, 486 (4th Cir. 2025) (internal quotation marks omitted), *petition for cert. filed*, No. 25-6271 (U.S. Dec. 2, 2025). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding

2

Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Walton*, 145 F.4th at 486 (internal quotation marks omitted). Section 3583(e) sets forth the § 3553(a) factors applicable to supervised release revocation proceedings. 18 U.S.C. § 3583(e). Omitted from that list are the factors identified in § 3553(a)(2)(A). *See id.* Accordingly, a district court "cannot consider § 3553(a)(2)(A) when revoking supervised release," *Esteras v. United States*, 606 U.S. 185, 195 (2025), meaning the court cannot consider "the need for the sentence imposed to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,' *i.e.*, the retributive purposes of sentencing," *id.* at 192 (quoting § 3553(a)(2)(A)). "In the context of a revocation hearing, the 'offense' is the underlying crime of conviction, not the violation of the supervised-release conditions." *Id.* at 193-94. Thus, a district court cannot "account for the need to exact retribution for the defendant's underlying crime" when imposing a revocation sentence. *Id.* at 194-95; *see id.* at 196-97.

"If the defendant does not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review." *Id.* at 202. Under that standard, "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 202-03 (internal quotation marks omitted). Because Youngblood did not bring to the district court's attention that it might have been impermissibly relying on § 3553(a)(2)(A), plain-error review applies.

3

To establish plain error, the defendant "must prove that (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025) (internal quotation marks omitted). "An error is plain if it is clear or obvious by the time of appeal, either because of settled law of the Supreme Court or this circuit or, in the absence of such authority, decisions by other circuit courts of appeals." *United States v. Coston*, 964 F.3d 289, 294 (4th Cir. 2020) (citation modified). And, in the sentencing context, a defendant can establish that an error affected his substantial rights by showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018) (internal quotation marks omitted).

Youngblood argues that, when imposing his revocation sentence, the district court ran afoul of *Esteras* by improperly relying on two § 3553(a)(2)(A) factors—the need to promote respect for the law and to provide just punishment for his underlying failure-to-register conviction.[1] The Government responds that the court did not plainly err in citing those factors because the court's focus was on Youngblood's supervised release violations, not his underlying conviction. We agree with the Government.

The district court began its sentencing explanation by remarking that Youngblood was "openly hostile to supervised release" and willfully defied both the court and the

---

[1] This appeal was previously held in abeyance for *Esteras*.

4

probation officer. (J.A. 33).[2] Indeed, the court stated that Youngblood had been "among the most difficult folks in th[e] district to supervise." (J.A. 33). The court was particularly troubled by Violation 5, which resulted from Youngblood leaving his residence immediately after being told by the probation officer not to do so.

The district court confirmed that it was "not going to tolerate" (J.A. 34) Youngblood's "serious," "methodical," "systemic," and "repeated violations" (J.A. 41). Thus, when the court mentioned the need to promote respect for the law and to provide just punishment, it was referring to the need to promote respect for the court and the probation officer and to provide just punishment for the supervised release violations. It was not attempting to punish Youngblood again for the underlying failure-to-register conviction.

The district court's reference to Youngblood's "history of hands-on offenses involving child victims" (J.A. 41) does not change the calculus. First, the court appropriately considered Youngblood's history and characteristics under § 3553(a)(1), including his troubling pattern of sexually abusing young girls. *See* 18 U.S.C. § 3583(e) (listing § 3553(a)(1) as appropriate consideration). Moreover, Youngblood's criminal history is relevant to other appropriate factors, including protection of the public, deterrence, and rehabilitation. *See id.* (listing 18 U.S.C. § 3553(a)(2)(B)-(D) as appropriate considerations); *Esteras*, 606 U.S. at 200 (explaining, for example, that court could consider violent nature of underlying offense when determining "whether revocation is necessary to protect the public from further crimes of the defendant" but "could not revoke

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties.

based on the view that, given the violent nature of the underlying offense, the defendant deserves additional punishment" (internal quotation marks omitted)).

Because the district court focused on Youngblood's supervised release violations, not his underlying failure-to-register conviction, we conclude that the district court did not run afoul of *Esteras* when it cited, among other factors, the need to promote respect for the law and to provide just punishment. *See Esteras*, 606 U.S. at 194-95 (clarifying that courts may not "account for the need to exact retribution for the defendant's underlying crime"). Accordingly, we deny Youngblood's motion to expedite as moot and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*