**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4514

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY ANTONIO WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:19-cr-00348-TDS-1)

Submitted:  February 26, 2026                           Decided:  March 3, 2026

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Antonio White appeals the district court's judgment revoking his supervised release and imposing an 18-month prison term and an 18-month term of supervised release. On appeal, White's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether White's revocation sentence is plainly unreasonable. The Government did not file a response brief, and White did not file a pro se supplemental brief after being notified of his right to do so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A [revocation] sentence is substantively reasonable

2

if the totality of the circumstances indicates that the [district] court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2025) (citation modified). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (citation modified).

Our review of the record reveals no plain unreasonableness in White's revocation sentence. The district court correctly identified the policy statement range, considered the relevant statutory factors, acknowledged White's mitigation arguments, and gave sufficiently detailed reasons for selecting its downward-variant sentence. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3