**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4229

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACEY LAMONT COAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:13-cr-00300-WO-1)

Submitted: December 9, 2022                    Decided: December 15, 2022

Before WYNN and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After serving a 97-month prison term following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), Tracey Lamont Coad began service of a 3-year term of supervised release. Before expiration of that term, Coad's probation officer petitioned the district court to revoke his supervised release, alleging he had violated the conditions of supervision by (1) testing positive for marijuana eight times in 2020 and 2021 and testing positive for methamphetamine once in 2021 and (2) failing to notify the probation officer ten days before moving from his approved residence. Following a hearing at which Coad testified and admitted he had not been in contact with his probation officer after August 21, 2021, and had tested positive for marijuana and methamphetamine as alleged in the petition but denied any willful use of methamphetamine, the district court found he had committed both violations and revoked his supervised release. The court sentenced Coad to 14 months' imprisonment. On appeal, Coad argues that this sentence is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We will affirm a revocation sentence "if it is within the statutory maximum and is not plainly unreasonable." *Id.* In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In making this determination, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but take "a more deferential appellate posture than

2

we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A [supervised release] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (cleaned up). The court's explanation also must provide us assurance that it considered any potentially meritorious arguments raised by the parties as to the appropriate sentence to be imposed. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range under the Guidelines is presumed reasonable. *Gibbs*, 897 F.3d at 204.

Only if we find a revocation sentence unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis-that is, clear or obvious." *Slappy*, 872 F.3d at 208 (cleaned up). "If a revocation sentence-even

3

an unreasonable one-is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We find no unreasonableness in Coad's revocation sentence. The 14-month prison term does not exceed the applicable statutory maximum, and Coad agrees the district court properly calculated his advisory policy statement range under the Guidelines at 8 to 14 months' imprisonment. The district court heard Coad's testimony and allocution and argument from defense counsel and, after considering these matters and the policy statement range, explained its reasons for imposing sentence. Although not couched in the precise language of applicable § 3553(a) sentencing factors and factors applicable for consideration under the Guidelines, the district court's reasons for imposing sentence are easily matched to factors appropriate for consideration in the revocation sentencing context and tied to Coad's particular situation, namely, the nature and circumstances of his violative conduct, his history and characteristics, and the sanctioning of his acts in breaching trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e); U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). Coad's appellate contention that the term is too severe because the district court did not credit his explanation for his violative conduct does not overcome the presumption of reasonableness afforded to his within-policy-statement-range prison term. The term is not unreasonable and therefore is not plainly unreasonable.

4

We thus affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*