**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4632

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIL RASHEEM WEAKS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00435-TDS-1)

Submitted:  May 23, 2023                         Decided:  May 25, 2023

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Ryan M. Gaylord, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Jacob D. Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamil Rasheem Weaks appeals the 24-month sentence imposed upon the revocation of his supervised release. On appeal, Weaks argues that the revocation sentence is procedurally unreasonable. We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). Weaks' sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e).

We conclude that Weaks' sentence is procedurally reasonable. The district court properly calculated an advisory policy statement range of 12 to 18 months' imprisonment, considered the relevant statutory factors, and engaged with and explained its rejection of Weaks' mitigating arguments. Furthermore, the district court thoroughly explained its

2

rationale for imposing the above-policy statement range sentence, emphasizing that the statutory maximum sentence was necessary to account for Weaks' history of noncompliance and recidivism, the severity of his repeated breaches of the court's trust, and the need to protect the public from his dangerous behavior.

We therefore affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*