**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4728**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SANTOS ENRIQUE HERRERA-REYES, agent of Ricardo Lorenzana Diaz,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:21-cr-00052-DJN-1)

_____

Submitted:  August 29, 2023              Decided:  August 31, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Shea Matthew Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos Enrique Herrera-Reyes appeals his 24-month, upward-variant revocation sentence. He argues that his sentence is plainly unreasonable because the district court based his sentence predominately on an impermissible sentencing factor—the seriousness of the violations. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). When fashioning an appropriate revocation sentence, "the court should sanction primarily

2

the defendant's breach of trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b). While the court must also consider certain enumerated factors under 18 U.S.C. § 3553(a), excluded from that list is "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see id.* § 3583(e). We have recognized, however, that the "§ 3553(a)(2)(A) [factors] are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

We conclude that the district court did not predominately sentence Herrera-Reyes based on the seriousness of the violations. During the revocation hearing, the court repeatedly expressed regret for previously sentencing Herrera-Reyes to time served, as he committed the new offenses only five days after his release. Thus, while the court described the violations as serious, it is apparent that the court's "concern with [Herrera-Reyes'] breach of trust . . . far outweighed any other concerns and provided independent justification for the sentence." *United States v. Bennett*, 698 F.3d 194, 201 (4th Cir. 2012).

3

Because Herrera-Reyes' sentence is not plainly unreasonable, we affirm the district court's judgment.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* Herrera-Reyes did not object to the district court's consideration of an impermissible factor. But because his sentence is not plainly unreasonable, we need not address whether any error affected his substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Lemon*, 777 F.3d 170, 172-73 (4th Cir. 2015) (reviewing unpreserved challenge to consideration of impermissible factor for plain error).

4