**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4703

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES SCOTT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:07-cr-00066-HEH-1)

Submitted:  October 30, 2023                           Decided:  January 3, 2024

Before KING and GREGORY, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Scott, Jr., appeals the 51-month sentence imposed following the revocation of his supervised release. On appeal, Scott argues that the district court imposed a plainly unreasonable sentence by improperly considering the 18 U.S.C. § 3553(a)(2)(A) sentencing factors. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant

2

should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

In fashioning an appropriate revocation sentence, a district court must consider the statutory factors under 18 U.S.C. § 3553(a) applicable to revocation sentences through 18 U.S.C. § 3583(e). *Coston*, 964 F.3d at 297. Absent from the statutory factors enumerated in § 3583(e) is § 3553(a)(2)(A), which requires the court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e). In *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013), however, we held that § 3583(e) does not "prohibit a court from referencing [the § 3553(a)(2)(A)] factors omitted from the statute."[1] Indeed, "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Id.* Thus, although a district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Applying *Webb*, we discern no error in the district court's explanation. Although the court referenced respect for the law in discussing the appropriate sentence, it also

---

[1] Scott argues that *Webb* is not binding authority because it conflicts with *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006), *Tapia v. United States*, 564 U.S. 319 (2011), and *Concepcion v. United States*, 142 S. Ct. 2389 (2022). We readily conclude that *Webb* is good law and controlling in this case. *See Payne v. Taslimi*, 998 F.3d 648, 654-55 (4th Cir. 2021) (discussing nonbinding effect of dictum).

3

discussed the applicable § 3553(a) factors.  Specifically, the court referenced the need to protect the community and suggested that Scott's poor performance on supervision implicated the need for deterrence.  *See* 18 U.S.C. § 3583(e) (citing § 3553(a)(2)(B), (C)). Thus, viewed in its full context, nothing in the court's explanation suggests an impermissible reliance on the § 3553(a)(2)(A) factors.[2]

Accordingly, we affirm the district court's revocation order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Scott also argues that the district court erred in considering the Sentencing Guidelines policy statement range.  He contends that, in directing the sanctioning of a defendant's breach of trust, the policy statement invokes the punitive § 3553(a)(2)(A) factors excluded from § 3583(e) and thereby violates the statute.  *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A (2021).  However, even if we were to assume the court's consideration of the policy statement range amounted to the consideration of a § 3553(a)(2)(A) factor, on the whole, the court's explanation did not express a principally retributive aim.  *See Webb*, 738 F.3d at 642.  Accordingly, we decline to reach the merits of Scott's challenge to the Guidelines policy statement as *ultra vires*.