**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4226

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON MARKEITH GERALD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:21-cr-00033-AWA-1)

Submitted:  December 21, 2023                          Decided:  January 11, 2024

Before WILKINSON, HARRIS, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Peter G. Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Markeith Gerald appeals the district court's order imposing a 36-month sentence upon revocation of Gerald's term of supervised release.  On appeal, Gerald argues that the sentence is procedurally and substantively unreasonable because the district court failed to adequately address Gerald's mitigation arguments and imposed a term greater than necessary to achieve the applicable sentencing goals set forth in 18 U.S.C. § 3553(a). Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release.  We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide [this court's] review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

*States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation sentences). Although the sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's *acknowledgment* of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up). Where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Id*. at 209 (internal quotation marks omitted). "[A] major departure from the Guidelines should be supported by a more significant justification than a minor one." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up).

We have reviewed the record and conclude that the district court committed no error when it imposed Gerald's sentence. During the revocation hearing, the court listened to the parties' arguments and allowed Gerald to allocute before imposing the sentence. The court thoroughly responded to each party's arguments and explained why an upward variance from the Guidelines policy statement range was warranted in light of the relevant sentencing factors. The court also considered Gerald's mitigating arguments, but found

3

that they did not support a shorter sentence.  Finally, based on the factors identified by the court, we conclude that Gerald's sentence is substantively reasonable.  *See United States v. Coston*, 964 F.3d 289, 298 (4th Cir. 2020) (noting that "[g]iven the district court's care in explaining [defendant's] sentence, and especially considering that court's historic inability to prevent [defendant] from repeatedly violating supervised release conditions," the sentence was not unreasonable.).

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*