**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4165

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL WALLACE GOSS, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:14-cr-00473-CCE-1)

Submitted:  January 30, 2024                    Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Wallace Goss, III, appeals the 24-month sentence imposed following the revocation of his supervised release.  On appeal, Goss argues that the sentence is plainly unreasonable because the district court failed to adequately consider his serious drug addiction and imposed a term greater than necessary to achieve the sentencing goals articulated in 18 U.S.C. § 3553(a).  Finding no error, we affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum."  *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all."  *Coston*, 964 F.3d at 296 (internal quotation marks omitted).  "In making this determination, 'we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences.'"  *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (quoting *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006)).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *Coston*, 964 F.3d at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *Patterson*,

957 F.3d at 436-37 (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

The record reflects that the district court adequately explained the sentence and stated an appropriate basis for concluding that Goss should receive the sentence it imposed. Contrary to Goss' arguments on appeal, the court considered Goss' mitigating argument regarding his history of drug addiction, but it ultimately found that the maximum available sentence of 24 months' imprisonment, to run consecutively to Goss' related sentence for possession of methamphetamine, was warranted in light of the § 3553(a) factors. Specifically, the court emphasized that Goss attempted to evade drug testing, resisted drug abuse treatment, and committed new crimes while on supervised release. Therefore, in light of the totality of the circumstances, we conclude that Goss' sentence is not plainly unreasonable.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3