**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4703

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY JERMAINE TURRENTINE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00153-TDS-1)

Submitted:  June 13, 2024                          Decided:  June 17, 2024

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Jermaine Turrentine appeals his 48-month revocation sentence. He argues that this upward variance sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Turrentine argues that his revocation sentence is substantively unreasonable because it exceeded the Government's requested, top of the policy statement range sentence and because the court failed to explain why it rejected the Government's request

2

or why the upward variance sentence was more appropriate than a policy statement range sentence in light of the § 3553(a) factors.[*]  We conclude, however, that the court did not err, plainly or otherwise, in imposing an upward variance sentence in this case.  As the court explained, Turrentine had, while on federal supervision, possessed a firearm as a felon, dangerously fled from a traffic stop while possessing a firearm, twice sold crack cocaine while on state bond, and tested positive for drug use on multiple occasions.  The court also found the sentence necessary to deter Turrentine given he repeatedly possessed firearms and distributed cocaine despite his prior incarceration for such offenses.  Finally, the court cited a strong need to protect the public from Turrentine in light of his decisions to continue violating the law even while under federal supervision and on state bond.  We hold that the court stated an appropriate basis for concluding that Turrentine should receive the sentence imposed.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*]  Although Turrentine does not raise the issue, we have confirmed that his revocation sentence is procedurally reasonable.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).