**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4570**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DAVID ALLEN, JR., a/k/a David J. Allen, Jr., a/k/a Yamah Qiyamah Bey, a/k/a Kranston X,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:15-cr-00007-MSD-LRL-1)

─────────────

Submitted:  June 24, 2024                    Decided:  July 8, 2024

─────────────

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Allen, Jr., appeals the district court's imposition of a 24-month term of imprisonment following the court's revocation of his supervised release. Allen argues that his sentence is procedurally unreasonable because the district court did not afford proper weight to Allen's sincerely held sovereign citizen beliefs. Finding no error, we affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Coston*, 964 F.3d at 296 (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Only if we conclude that a revocation sentence is procedurally or substantively unreasonable will we consider "whether it is plainly so." *Id.* at 208 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *Coston*, 964 F.3d at 297 (internal quotation marks omitted), and the explanation indicates "that the

2

court considered any potentially meritorious arguments raised by the parties," *Patterson*, 957 F.3d at 436-37 (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

The record reflects that the district court adequately explained the sentence and stated an appropriate basis for concluding that Allen should receive the sentence it imposed. Contrary to Allen's arguments on appeal, the court properly considered Allen's mitigating argument regarding his sovereign citizen beliefs, but it ultimately found that the maximum available sentence of 24 months' imprisonment was warranted in light of the § 3553(a) factors and Chapter Seven of the Guidelines. Specifically, the court emphasized Allen's history and characteristics, the need to protect the public given his repeated refusals to register as a sex offender, and his extensive breach of the court's trust through consistent supervised release violations. Therefore, in light of the totality of the circumstances, we conclude that Allen's sentence is not unreasonable.

Accordingly, we affirm the district court's amended order and deny Allen's pro se motion for new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*