**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4676**

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

JANSEN V. CARR,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00017-GMG-RWT-3)

───────────────

Submitted:  August 22, 2024                    Decided:  August 26, 2024

───────────────

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, Jansen V. Carr pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a).  The district court sentenced Carr to five years' probation.  In 2023, the court revoked Carr's probation and sentenced his to time-served, followed by three years' supervised release.  Shortly thereafter, Carr violated the terms of his supervised release.  The district court revoked Carr's supervised release and sentenced him to 24 months' imprisonment.  Carr now appeals, arguing that the upward-variant sentence is plainly unreasonable because the district court did not adequately explain its chosen sentence or address his nonfrivolous mitigating arguments.  We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable."  *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all."  *Id.* (internal quotation marks omitted).  "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences."  *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up).  "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors."  *Coston*, 964 F.3d at 297 (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e).

2

We conclude Carr's sentence is not plainly unreasonable. The district court considered the relevant statutory factors and thoroughly explained its rationale for imposing the above-policy statement range sentence, emphasizing that the statutory maximum sentence was necessary to account for Carr's repeated noncompliance with the conditions of his release.

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*