**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4643

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS TRAY SHARMONE KEARNEY,

Defendant - Appellant.

No. 23-4646

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS TRAY SHARMONE KEARNEY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk and Newport News.  Arenda L. Wright Allen, District Judge.  (2:19-cr-00054-AWA-RJK-1; 4:04-cr-00027-AWA-RJK-1)

Submitted:  June 28, 2024                    Decided:  August 27, 2024

_____

Before AGEE and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Dee M. Sterling, Assistant United States Attorney, Newport News, Virginia, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, in the United States District Court for the Eastern District of North Carolina, Thomas Tray Sharmone Kearney pled guilty to robbery of a postal carrier and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2114(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The North Carolina district court sentenced Kearney to 204 months of imprisonment followed by five years of supervised release. Around the same time, in the United States District Court for the Eastern District of Virginia, Kearney pled guilty to conspiracy to conceal property obtained through the robbery of a mail carrier and to receive stolen money orders, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; possession of stolen money orders, in violation of 18 U.S.C. §§ 2, 500; and money laundering, in violation of 18 U.S.C. §§ 2, 1956(a). The Virginia district court sentenced Kearney to a total of 76 months of imprisonment followed by three years of supervised release. The sentences were imposed to run concurrently with each other.

Following Kearney's release onto supervision in 2019, the North Carolina district court transferred jurisdiction over his supervision to the Virginia district court. In 2023, the Virginia district court revoked Kearney's supervision in both cases based on violations of the terms of his supervised release, and sentenced Kearney to 13 months of imprisonment followed by 47 months of supervised release. Kearney now appeals. On appeal, Kearney argues the Government failed to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to collect certain evidence and that the district court erred by conducting his supervised release revocation hearing without a jury

3

and by making factual findings under a preponderance of the evidence standard. We affirm.

To revoke supervised release, a district court need only find a violation of the terms of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). We "review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Cohen*, 63 F.4th 250, 254 (4th Cir.) (cleaned up), *cert. denied*, 144 S. Ct. 165 (2023). "As always, it is an abuse of discretion to commit legal error." *Id.* (cleaned up).

"Rule 32.1 of the Federal Rules of Criminal Procedure sets out the basic procedures required during a revocation hearing." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). At a supervised release revocation hearing, the person is entitled to "written notice of the alleged violation"; "disclosure of the evidence against" him; "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear"; "notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel"; and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). A district court must also "adequately demonstrate for us the evidence on which it relied . . . so that we may understand its reasons for revoking supervised release." *United States v. Patterson*, 957 F.3d 426, 434 (4th Cir. 2020) (cleaned up).

4

Kearney first argues that the Government violated its obligations under *Brady* by failing to collect and tender to the defense evidence related to two of the charged supervised release violations. While it is not clear whether the protections of *Brady* extend to a supervised release revocation proceeding, we need not decide that issue because Kearney has failed to demonstrate that, even if the Government was obliged to comply with *Brady* in this proceeding, it violated its obligations under *Brady*. "To prove a *Brady* violation, a defendant must show that non-disclosed evidence was favorable to the defendant, material, and that the prosecution had the evidence and failed to disclose it." *United States v. Savage*, 885 F.3d 212, 221 (4th Cir. 2018). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." *United States v. Augurs*, 427 U.S. 97, 109-10 (1976). Here, Kearney failed to demonstrate that the Government had possession of the evidence that he sought and failed to show that the evidence would have been favorable to his defense. *See United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (noting where defendant could only "speculate as to what the requested information might reveal, he cannot satisfy *Brady*'s requirement of showing that the requested evidence would be favorable to the accused" (internal quotation marks omitted)).

Kearney next argues that proof beyond a reasonable doubt, not preponderance of the evidence, is the appropriate standard for supervised release revocation proceedings and further claims that a jury must make the relevant factual findings. However, "the

5

conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014); *see Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that supervised release violation "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt"). Although Kearney argues that the Supreme Court's holding in *United States v. Haymond*, 588 U.S. 634 (2019) (striking down 18 U.S.C. § 3583(k)), should be extended to all supervised release proceedings, we have previously concluded that the holding from *Haymond* does not apply to other statutory provisions of 18 U.S.C. § 3583. *United States v. Coston*, 964 F.3d 289, 295-96 (4th Cir. 2020) ("[G]iven that no majority of the Supreme Court endorsed the application of [*Alleyne v. United States*, 570 U.S. 99 (2013),] in the supervised release context, we remain bound by [our] prior decision that it does not."). As one panel of this court may not overrule another panel, *see United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021), Kearney's claim must fail. Accordingly, because *Ward* remains good law, its holding forecloses Kearney's argument.

Accordingly, we affirm the revocation judgment. We also deny Kearney's motions for leave to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6