**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4145**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANCISCO REZA, a/k/a Frankie, a/k/a Pancho,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:14-cr-00185-LMB-1)

———————————

Submitted: December 12, 2024                Decided: January 7, 2025

———————————

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Courtney S. Dixon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Sehar F. Sabir, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, Francisco Reza pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Reza to 120 months of imprisonment, followed by five years of supervised release. After his release from incarceration, Reza's probation officer sought revocation of his supervised release based on several violations of the conditions of his supervised release. The district court found by a preponderance of the evidence that Reza had violated the terms of his supervised release, revoked Reza's supervision, and sentenced Reza to 36 months of imprisonment with no period of supervised release to follow. Reza now appeals, arguing that the revocation sentence is procedurally and substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). "First, we determine whether the sentence is unreasonable at all, procedurally or substantively." *Id.* (internal quotation marks omitted). "If it is not, we affirm; if it is unreasonable, we determine whether it is plainly so." *Id.*

Reza challenges the procedural reasonableness of his sentence, arguing that the district court failed to sufficiently consider his mitigation arguments in support of a lower sentence, including his arguments concerning his difficult childhood, his employment while on supervised release, his substance abuse issues, and a recent change to the Sentencing Guidelines that would have lowered his original criminal history category. "A

2

revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). The district court need not tick through § 3553(a)'s every subsection, but its "explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant, and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks and citation omitted).

We have reviewed the record and conclude that the sentence is not plainly procedurally unreasonable. The district court sufficiently responded to Reza's sentencing arguments, explaining that despite the circumstances that led to his underlying offense, his supervised release violations were serious, and even though he was working, he started the violations within a year of his release and continued to engage in violations while the revocation proceedings were pending. The court further cited the need to protect the public, as some of Reza's supervised release violations involved his use of a firearm. The court also acknowledged Reza's need for substance abuse treatment, recommending that he receive treatment while incarcerated because his issues had not been previously addressed. Moreover, even if Reza's criminal history category were lowered, the sentence that the court concluded was appropriate based on all the factors the court cited was within the

3

policy statement range for that criminal history category.  Based on the court's explanation for its sentence, the sentence is not plainly procedurally unreasonable.

Reza also argues that the sentence is substantively unreasonable because the court focused too much on the danger to the public posed by Reza and sentenced him above the Government's recommended sentence.  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).  Based on the factors cited by the district court in imposing the sentence and the circumstances as a whole, we conclude that the revocation sentence is not substantively unreasonable, much less plainly so.

We therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aide the decisional process.

*AFFIRMED*