**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4490**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEGARIUS DESHAWN BONNER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:18-cr-00304-TDS-1)

---

Submitted:  February 20, 2025                    Decided:  February 25, 2025

---

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Legarius Deshawn Bonner pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). In 2019, the district court sentenced Bonner to 37 months' imprisonment followed by three years of supervised release. In 2024, the district court revoked Bonner's supervised release and sentenced him to 24 months' imprisonment. On appeal, Bonner argues that the upward-variant revocation sentence is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks and brackets omitted). "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks and ellipsis omitted). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (internal quotation marks, emphasis, and brackets omitted). And where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Slappy*, 872 F.3d at 209 (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Here, the district court sufficiently explained its reasons for imposing the upward-variant, statutory maximum 24-month revocation sentence. The court considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Bonner's arguments for a lower sentence. We discern no error in the court's consideration of the relevant sentencing

3

factors.  Accordingly, we conclude that the 24-month sentence is reasonable.  We therefore affirm the revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*