**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4305

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC ANTONIO COUSIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00005-WO-1)

Submitted:  April 24, 2025                                          Decided:  April 28, 2025

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Isaac Cousin appeals the 24-month sentence imposed upon the revocation of his supervised release. On appeal, Cousin argues that the sentence is plainly unreasonable in light of his mental health and substance abuse struggles. Cousin further contends that the district court abused its discretion by denying his motion to continue the revocation hearing. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable" do we then determine "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see*

2

18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Here, the district court correctly calculated the applicable policy statement range of 21 to 27 months' imprisonment, considered the relevant statutory factors, imposed a sentence within the statutory maximum, addressed Cousin's arguments for a noncustodial sentence, and gave sufficiently detailed reasons for its decision to impose a sentence in the middle of Cousin's advisory policy statement range. Accordingly, we conclude that Cousin's 24-month sentence is neither procedurally nor substantively unreasonable, let alone plainly so.

Cousin also contends that the district court abused its discretion by denying his motion to continue the revocation hearing for approximately two months to allow him to pursue additional treatment. "We review the denial of a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "A district court abuses its discretion when its denial of a motion for continuance is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* (internal quotation marks omitted). "Even if such an abuse of discretion is found, the defendant must show that the error specifically prejudiced his case in order to prevail." *Id.* (cleaned up).

The day before Cousin's revocation hearing, he moved for a continuance of approximately two months, advising the district court that he was seeking admission to

3

inpatient treatment.    The court determined that delaying the hearing would be "unreasonable" because Cousin's historical conduct failed to demonstrate that he would cooperatively participate in treatment.  This conclusion was neither "unreasoning" nor "arbitrary."  *See id.* (internal quotation marks omitted).  In addition, Cousin has not demonstrated prejudice.  After the revocation hearing, the court allowed him to remain on release temporarily, with the additional supervision condition that he "shall cooperatively participate in and successfully complete [a specified] inpatient detox treatment . . . for seven (7) days."  (J.A. 173).[*]  At a status hearing the following week, the court found that Cousin had not adequately complied with the condition and that continued release was inappropriate.  Thus, Cousin has not shown that the denial of his motion for a continuance "specifically prejudiced his case."  *Copeland*, 707 F.3d at 531.

We therefore affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed by the parties on appeal.

4