**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4458**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUIS FRANCISCO SANCHEZ, JR.,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00363-WO-1)

───────────────

Submitted:  May 22, 2025                    Decided:  May 27, 2025

───────────────

Before KING, AGEE, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Carlyle Sherrill, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.  Lindsey Ann Freeman, Assistant United States Attorney, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Francisco Sanchez, Jr., appeals the 24-month sentence imposed upon the revocation of his supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court erred in imposing Sanchez's sentence. Although Sanchez was advised of his right to file a pro se supplemental brief, he has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Here, the district court correctly calculated the applicable policy statement range of 21 to 24 months' imprisonment, considered the relevant statutory factors, imposed a sentence within the statutory maximum, and addressed Sanchez's argument for his revocation sentence to run concurrently with the state sentence he was serving at the time. The court gave sufficiently detailed reasons for its decision to impose the statutory maximum sentence—which was at the top of Sanchez's policy statement range—and adequately explained its decision to impose the revocation sentence to run consecutively to his state sentence, emphasizing the needs for deterrence and to protect the public. Accordingly, we conclude that Sanchez's 24-month sentence is neither procedurally nor substantively unreasonable, let alone plainly so.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*