**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4398**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CECIL EDWARD JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:90-cr-00085-MOC-DCK-1)

Submitted: April 23, 2026                     Decided: April 27, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Ryan M. Prescott, PRESCOTT LAW, PLLC, Winterville, Georgia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Edward Jackson appeals the district court's judgment revoking his supervised release and sentencing him to time-served, followed by one year of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the revocation decision and the reasonableness of Jackson's sentence. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Jackson has not done so. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (internal quotation marks omitted). We have reviewed the record and conclude that Jackson knowingly and voluntarily admitted to violating the terms of his supervised release and therefore that the court did not abuse its discretion in revoking his supervised release.

With respect to the revocation sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence

2

is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).  If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e).  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed."  *Coston*, 964 F.3d at 297 (internal quotation marks omitted).  A revocation sentence falling within the recommended policy statement range is presumed reasonable.  *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

Our review of the record reveals no plain unreasonableness in Jackson's revocation sentence.  When imposing Jackson's revocation sentence, the district court correctly calculated a policy statement range of 5 to 11 months' imprisonment, engaged the parties and Jackson in a discussion of the circumstances of his violation, and acknowledged the parties' agreed-upon sentencing recommendation.  In imposing this agreed-upon sentence,

3

the court emphasized Jackson's persistent issues with anger and stalking, his lengthy history of incarceration, and the need to be conscientious about his personal contacts going forward. Although the court's explanation for Jackson's sentence was brief, it gave sufficiently detailed reasons for its decision in light of its discussions with the parties throughout the revocation hearing and its imposition of the parties' agreed-upon sentence. Furthermore, Jackson's within-policy statement range sentence is presumptively reasonable, and Jackson offers no factors to rebut this presumption.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4