**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4489**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JUSTIN TYLER BEASLEY,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Jacquelyn Denise Austin, District Judge.  (8:24-cr-00193-JDA-1)

———————————

Submitted:  June 1, 2026                        Decided:  June 24, 2026

———————————

Before AGEE, QUATTLEBAUM, and BERNER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Tyler Beasley appeals the 24-month sentence imposed following the revocation of his supervised release. He challenges the district court's sentencing explanation, and he claims that his sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

Beasley's revocation resulted from his significant substance abuse problem. After pleading guilty to mail theft offenses, Beasley received a time-served sentence of just 52 days, plus 3 years of supervised release. At the time, he was using methamphetamine and marijuana. So, as a condition of supervised release, the district court required him to complete a substance abuse program. However, Beasley left the program after just one week, prompting the court to revoke his supervision and sentence him to 4 months in prison and another 27 months of supervised release.

Once out of prison, Beasley relapsed, leading to numerous positive drug tests. Initially, on the probation officer's recommendation, the district court held Beasley's supervision violations in abeyance so that he could continue to receive substance abuse

2

treatment. But after the ninth positive test, the probation officer filed—and the district court granted—a petition to issue a warrant for Beasley's arrest.

At the violation hearing, Beasley requested a prison sentence at the low end of the 4-to-10-month policy statement range. In support, Beasley chronicled his ongoing efforts to overcome addiction and rehabilitate himself. The district court, however, emphasized that this was Beasley's third time in front of the court. His first two sentences—with short prison terms and long supervision terms—had not worked, so stronger medicine was warranted. Thus, the court revoked Beasley's supervision and sentenced him to the statutory maximum of 24 months' imprisonment, with no supervision to follow.

For a revocation sentence to be procedurally reasonable, the district court must "consider the defendant's nonfrivolous arguments for a [lower sentence], impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *United States v. Celedon*, 165 F.4th 873, 879-80 (4th Cir. 2026) (internal quotation marks omitted). On appeal, Beasley contends that the district court failed to consider a more graduated response to his supervision violations. He further claims that the court overlooked the importance of promoting rehabilitation when imposing a revocation sentence. And he insists that the court did not address how difficult it is to overcome substance abuse disorder.

We cannot agree. The district court did, in fact, take a graduated approach to Beasley's supervision violations, first imposing a four-month revocation sentence, then initially holding his subsequent violations in abeyance so that he could continue seeking treatment. Only after nine positive drug tests did the court's patience run out. In our view,

3

this measured response to Beasley's numerous supervision violations reflects the court's focus on rehabilitation, as well as its understanding that battling addiction is a tumultuous endeavor.

Next, Beasley notes that, in the midst of his unsuccessful stint on supervised release, he was accepted into an intensive treatment program, yet he was unable to enter the program because he could not afford the admission fee. On appeal, he faults the district court for not explaining why his attempt at obtaining treatment did not merit a lower sentence. Contrary to Beasley's argument, the court did address this point, acknowledging his efforts but faulting him for not seeking help from the probation office, which could have assisted him with the fee. Thus, we discern no procedural error in the imposition of Beasley's revocation sentence.

Finally, Beasley maintains that his sentence is substantively unreasonable. "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). In selecting a revocation sentence, the "court must consider certain factors set forth in [18 U.S.C.] § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public." *United States v. Doctor*, 958 F.3d 226, 239 (4th Cir. 2020); *see* 18 U.S.C. § 3583(e) (listing relevant factors).

Critically, "district courts have extremely broad discretion when determining the weight to be given each of the [relevant] § 3553(a) factors, and the fact that a variance

4

sentence deviates, even significantly, from the [policy statement] range does not alone render it presumptively unreasonable." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (citation modified). "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

We discern no error. The district court relied on appropriate factors, including Beasley's history and characteristics, the need for deterrence, and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(B), (C). On appeal, Beasley claims that the court focused too much on some factors and not enough on others. But Beasley's mere disagreement with the value or weight attributed to the relevant § 3553(a) factors "does not in itself demonstrate an abuse of the court's discretion." *United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012).

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*