**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4678

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIE MASSEY, a/k/a Meek,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:10-cr-00208-JAG-1)

Submitted:  June 9, 2026                      Decided:  June 26, 2026

Before NIEMEYER, KING, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Lauren P. Whitley, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Todd W. Blanche, Acting Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; James Reed Sawyers, Assistant United States Attorney, Angela Mastandrea, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrie Massey appeals the sentence imposed upon the revocation of his supervised release. On appeal, he argues that the district court plainly erred by considering the severity of his breach of the court's trust in deciding to impose a new term of supervised release and that the revocation sentence is procedurally and substantively unreasonable. We affirm.

Massey did not raise his primary argument before the district court. Accordingly, our review of that issue is for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To prevail under this standard, Massey "must show that an error occurred, it was plain, it affected his substantial rights, and it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Olson*, 114 F.4th 269, 273 (4th Cir. 2024).

Massey cannot meet this standard. The Supreme Court recently held that a district court imposing a revocation sentence may not "account for the need to exact retribution for the defendant's underlying crime (per [18 U.S.C.] § 3553(a)(2)(A))." *Esteras v. United States*, 606 U.S. 185, 194-95 (2025). But the Court expressly declined to address whether district courts may consider the need to exact retribution for the defendant's supervision violation. *Id.* at 194 n.5. And we have not revisited this question since *Esteras*. Indeed, we have instead noted that "the very purpose of a revocation hearing is to determine the gravity of the defendant's breach of trust." *United States v. Celedon*, 165 F.4th 873, 881 (4th Cir. 2026) (citation modified). So, even if we agreed with Massey that the district court erred in this regard, we could not find the error plain. And considering the district

2

court's entire explanation for the revocation sentence, we conclude that any potential error did not affect Massey's substantial rights. *See Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018) (explaining defendant can establish error affected his substantial rights by showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (internal quotation marks omitted)).

As for Massey's remaining arguments, "a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Celedon*, 165 F.4th at 879 (citation modified). And "a revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified). "Only if we find a revocation sentence unreasonable do we consider whether it is plainly unreasonable—meaning the unreasonableness is clear or obvious." *Celedon*, 165 F.4th at 879 (internal quotation marks omitted). Our review of the record leads us to conclude that Massey's sentence is procedurally and substantively reasonable.

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3